UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BRANDY NICOLE BREWER LAMBDIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:10-CV-280 |
| ) | (VARLAN/GUYTON) |
| AEROTEK COMMERCIAL STAFFING, ) | |
| AMERICAN BACKGROUND INFORMATION ) | |
| SERVICES, INC., and SHADOW TRACKERS ) | |
| INVESTIGATIVE SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This civil action is before the Court on defendant Aerotek Commercial Staffing's ("Aerotek") Motion to Dismiss Plaintiff's Second Amended Complaint (the "motion to dismiss second amended complaint") [Doc. 25], in which Aerotek moves the Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for dismissal of all claims asserted against it in plaintiff's second amended complaint. Also before the Court is plaintiff's Rule 56(d) Motion for Continuance and/or Abatement (the "motion for continuance") [Doc. 30], in which plaintiff moves the Court, pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, to continue and/or abate the motion to dismiss second amended complaint until plaintiff is able to undertake meaningful discovery. Also before the Court are plaintiff's Motions for Leave to Amend to Add Additional Defendant and File Third Amended Complaint (the "motion for leave to file third amended complaint") [Docs. 33, 35], in which

plaintiff moves the Court, pursuant to Rule 15 of the Federal Rules of Civil Procedure, for leave to amend her second amended complaint and file a proposed third amended complaint (the "proposed third amended complaint") [Doc. 35-1].[1]

Plaintiff has filed a response in opposition to the motion to dismiss second amended complaint and in support of the motion for continuance [Doc. 32]. Aerotek has filed a reply in support of the motion to dismiss second amended complaint [Doc. 37], a response in opposition to the motion for continuance [Doc. 38], and a response in limited opposition to the motion for leave to file third amended complaint [Doc. 39]. Plaintiff has filed a reply in support of the motion for leave to file third amended complaint [Doc. 40].

## I. Background

Plaintiff initiated this action against defendants Aerotek and American Background Information Services, Inc. ("ABI") asserting claims arising out of Aerotek's termination of plaintiff's employment following the results of a background investigation check performed by ABI [Doc. 1-1; Doc. 9]. Aerotek and ABI filed a joint motion to dismiss plaintiff's first amended complaint [Doc. 10], arguing that plaintiff had failed to state a claim for violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* (the "FCRA"), for procurement of a breach of contract, for tortious interference with a current or prospective employment relationship, and for false light invasion of privacy. The Court entered a memorandum

---

[1] Plaintiff filed a motion for leave to file third amended complaint [Doc. 33] and a revised motion for leave to file third amended complaint [Doc. 35]. These motions are identical except that the revised motion has attached plaintiff's proposed third amended complaint [Doc. 35-1]. Accordingly, the Court will only address the revised motion [Doc. 35] and the requests therein and deny the other motion [Doc. 33] as moot.

opinion and order granting the motion to the extent that it dismissed plaintiff's claims for violations of the FCRA as to Aertoek, dismissed plaintiff's claims for procurement of a breach of contract as to both Aerotek and ABI, and dismissed plaintiff's claims for false light invasion of privacy as to both Aerotek and ABI [Doc. 14, p. 19]. The Court denied the motion to the extent that it permitted plaintiff's state law claims against ABI and plaintiff's claim for intentional interference with current or prospective employment relationship in respect to both Aerotek and ABI to go forward [*Id.*].

Plaintiff filed a second amended complaint, the filing of which was not opposed by defendants, which added Shadow Tracker's Investigative Services, Inc. ("Shadow Tracker") as a defendant [*See* Docs. 20, 21]. Aerotek thereafter filed the instant motion to dismiss second amended complaint, arguing that the second amended complaint failed to state a claim for relief against Aerotek in regard to the two claims remaining against Aerotek, (1) tortious interference with a current or prospective employment relationship which plaintiff had or would have had with Ison Automotive Casting ("Ison"), and (2) for breach of the duties of good faith and fair dealing in regard to Aerotek's relationship with plaintiff [Doc. 26, pp. 5-6]. Aerotek also argued that plaintiff's claims are barred by a comprehensive release executed by plaintiff (the "Release") [*Id.*, pp. 10-11].

Plaintiff then filed the Rule 56(d) motion for continuance [Doc. 30], contending that Aerotek's introduction of the Release transformed the motion to dismiss second amended complaint into a motion for summary judgment because it required the consideration of materials beyond the four corners of the complaint [*Id.*; Doc. 32, p. 10]. Plaintiff's

3

memorandum in support of the motion for continuance also included a response to the motion to dismiss second amended complaint [Doc. 32].

Plaintiff then filed the motion for leave to file third amended complaint, along with the proposed third amended complaint [Doc. 33; Doc. 35-1]. Plaintiff's proposed amendments include claims against a new defendant, Verifi, LLC ("Verifi"), and new claims and allegations against the other defendants, including Aerotek. The proposed third amended complaint adds new allegations against Aerotek and includes Aerotek in plaintiff's claim of tortious interference with current or prospective employment relationship with Ison [Doc. 35-1, ¶ 8], includes Aerotek in plaintiff's revived claim for false light invasion of privacy, as well as in claims that appear to refer to revived claims for violations of the FCRA [*Id.*, ¶¶ 9, 16, 17, 18], and adds new common law and statutory claims against Aerotek, including allegations that Aerotek "was negligent, grossly negligent, malicious and reckless" in choosing the other defendants to conduct plaintiff's background investigation, in "failing to sufficiently monitor and/or supervise" the actions of the other defendants in their background investigation of plaintiff, and in accepting the results of the background information without further inquiry or investigation [*Id.*, ¶ 12]. Plaintiff also requests leave to add a claim for a violation of the Tennessee Consumer Protection Act, T.C.A. §§ 47-18-101, *et seq.* (the "TCPA") [*Id.*, ¶¶ 18, 22], asserting that the Release executed by plaintiff was procedurally and substantively unconscionable, illegal, and/or a contract of adhesion in violation of the TCPA [*Id.*, ¶¶ 22-23]. Finally, similar to the second amended complaint, the proposed third

4

amended complaint alleges that Aerotek breached the duties of good faith and fair dealing in its relationship with plaintiff [*Id.*, ¶ 21].

The Court has carefully considered each of these motions, the responses, and the reply briefs, all in light of the applicable law. For the reasons set forth herein, Aerotek's motion to dismiss the second amended complaint will be granted in part and denied in part, plaintiff's motion for continuance will be denied, and plaintiff's motion for leave to file third amended complaint will be granted in part and denied in part.

## II.     Standard of Review

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave," however, "when justice so requires." *Id.* Leave is appropriate "[i]n the absence of any apparent or declared reason, " which may include, but is not limited to, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 633 (6th Cir. 2009). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 807 (6th Cir. 2005) (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)).

In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonably inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). In determining whether to grant a motion to dismiss, all well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *Trzebuckowki v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). However, when a complaint states no more than conclusions, such are not entitled to the assumption of truth. *Iqbal*, 129 S.Ct. at 1950. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Id.*; *see also Courie*, 577 F.3d at 629-30 (stating that the purpose of a motion to dismiss is to screen out cases that "while not utterly impossible, are 'implausible'").

**III.    Analysis**

In the motion to dismiss second amended complaint, Aerotek moves the Court for dismissal of plaintiff's claims against it for tortious interference with a current or prospective employment relationship and for breach of the duties of good faith and fair dealing [Doc. 25]. In Aerotek's response to plaintiff's motion to file third amended complaint, Aerotek incorporates the arguments made in its motion to dismiss second amended complaint and asserts that the claims addressed in that motion, claims which are also asserted in the proposed third amended complaint, along with additional factual allegations, remain futile,

6

that plaintiff has not amended the deficiencies in previously dismissed claims, and that plaintiff's proposed TCPA claim is time-barred.

### A. Claims Addressed in the Motion to Dismiss Second Amended Complaint

#### 1. Tortious Interference with Current or Prospective Employment

This Court previously declined to dismiss plaintiff's claim against Aerotek for tortious interference with current or prospective employment relationship because plaintiff had alleged "improper means" as that term is explained in *Trau-Med of Am. Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 701 n.5 (Tenn. 2002) [Doc. 14, pp. 14-15]. While the allegations in plaintiff's second amended complaint in regard to this claim omit Aertoek [Doc. 20, ¶¶ 11-12], plaintiff's allegations in regard to this claim in the proposed third amended complaint include Aerotek and, if accepted as true, do allege "improper means" that permit this claim to survive a motion to dismiss [*See* Doc. 14, pp. 14-15; Doc. 35-1, ¶¶ 11-12]. In Aerotek's response to plaintiff's motion to file third amended complaint, Aerotek does not address the new allegations contained in plaintiff's proposed third amended complaint, relying only on its arguments in the motion to dismiss second amended complaint. Accordingly, because the Court finds that plaintiff has alleged sufficient allegations to state this claim against Aerotek based on improper means, this proposed claim is not futile and the Court will grant plaintiff leave to amend in respect to this claim.

#### 2. Breach of the Duties of Good Faith and Fair Dealing

Plaintiff alleges in the proposed third amended complaint that Aerotek breached the duties of good faith and fair dealing in its relationship with plaintiff [Doc. 35-1, ¶ 21]. The

7

parties dispute whether Tennessee law recognizes a duty of good faith and fair dealing in an at-will employment context [Doc. 26, pp. 8-9; Doc. 32, pp. 19-22; Doc. 37, pp. 5-8], and dispute whether plaintiff's employment with Aerotek was an at-will relationship [Doc. 32, p. 21]. Aerotek contends an employer does not breach a duty of good faith and fair dealing when it terminates an at-will employee or, alternatively, that plaintiff's second amended complaint contains no factual allegations that would support a lack of good faith or fair dealing by Aerotek [Doc. 37, pp. 5-8; Doc. 26, p. 9]. As noted previously, in determining whether to grant a motion to dismiss, the Court must take all well-pleaded allegations as true and must construe all such allegations in the non-movant's favor. *See Trzebuckowki*, 319 F.3d at 855. An amendment is futile, however, when it would not survive a motion to dismiss. *Miller*, 408 F.3d at 807.

"Under Tennessee law, every contract carries with it an implied covenant of good faith and fair dealing." *Goot v. Metro. Gov't of Nashville & Davidson Cnty.*, No. M2003-02013-COA-R3-CV, 2005 WL 3031638, at *7 (Tenn. Ct. App. Nov. 9, 2005) (citing *Wallace v. Nat'l Bank of Commerce*, 938 S.W.2d 684, 686 (Tenn. 1996)). "As a result of this covenant, each contracting party promises to perform its part of the contract in good faith and, in return, expects the other party to do the same." *Id.* This implied covenant has two purposes: first, to "honor[] the contracting parties' reasonable expectations," and second, to "protect[] the rights of the parties to receive the benefits of the agreement they entered into." *Id.* (citations omitted). The implied covenant "does not, however, create new contractual rights or obligations, nor can it be used to circumvent or alter the specific terms of the

8

parties' agreement." *Id.* Also, the extent of the covenant to perform the contract in good faith depends on the contract at issue in the specific case. *Barnes & Robinson Co. v. OneSource Facility Serv., Inc.*, 195 S.W.3d 637, 642 (Tenn. Ct. App. 2006). "'In construing contracts, courts look to the language of the instrument, and to the intention of the parties, and impose a construction which is fair and reasonable.'" *Id.* (quoting *TSC Indus., Inc. v. Tomlin*, 743 S.W.2d 169, 173 (Tenn. Ct. App. 1987)).

In this case, plaintiff alleges that Aerotek terminated her employment, which in part caused a termination of her future employment with Ison, after receiving the results of the background investigation from Verifi, Shadow Trackers, and/or ABI, and that these actions constituted a breach of Aerotek's duties of good faith and fair dealing in its relationship with plaintiff [Doc. 35-1, ¶¶ 11, 21]. However, regardless of whether plaintiff is an at-will employee or not, and assuming that Aerotek owed her the implied duties of good faith and fair dealing, plaintiff has not specified how Aerotek allegedly breached these duties and has not specified a contractual provision or agreement Aerotek allegedly failed to perform in good faith. Accordingly, construing plaintiff's allegations in the most favorable light, the Court finds plaintiff's alleged facts in support of her claim to be conclusory assertions and insufficient to support a claim for a breach of the implied covenant of good faith and fair dealing. Consequently, this proposed claim is futile and the Court will deny plaintiff leave to amend with respect to this claim.

### B. Claims Previously Dismissed

#### 1. False Light Invasion of Privacy

Plaintiff proposes a claim in the proposed third amended complaint that attempts to revive her previously dismissed false light invasion of privacy claim [Doc. 35-1, ¶¶ 9, 17; Doc. 14, pp. 16-19].  In the Court's memorandum opinion and order dismissing that claim, the Court found that "without more factual allegations to raise the reasonable inference that communication to Aerotek and Ison would reach the public or be 'substantially certain to become . . . public knowledge,'" plaintiff had not pled "sufficient factual allegations to state a claim for false light invasion of privacy." [Doc. 14, p. 19].  In the proposed third amended complaint, plaintiff has plead no additional factual allegations to give rise to a reasonable inference that the communication to Aerotek and Ison would reach the public or be substantially certain to become public knowledge.  In fact, in all material respects, plaintiff's resurrected claim is identical to the previously dismissed claim.  Accordingly, plaintiff's revived claim for false light invasion of privacy is futile and the Court will deny leave to amend with respect to this claim.

#### 2. FCRA Claim

Plaintiff also proposes a claim that states that defendants ABI, Shadow Tracker, and Verifi are consumer reporting agencies that violated sections 1861e(b) and 1861k of the FCRA, entitling plaintiff to a private cause of action under 15 U.S.C. §§ 1681n and 1681o [Doc. 35-1, ¶¶ 13, 14].  Plaintiff alleges further that "the Defendants willfully and/or recklessly violated" the FCRA without specifying which defendants plaintiff includes in this

10

allegation [*Id.*, ¶ 15].  This Court previously dismissed plaintiff's FCRA claims against Aerotek because plaintiff did not "allege facts that would raise the reasonable inference that Aerotek is a consumer reporting agency." [Doc. 14, p. 7].  Plaintiff alleges no additional facts in the proposed third amended complaint that would give rise to an inference that Aerotek is a consumer reporting agency.  In fact, plaintiff conspicuously excludes Aerotek when she alleges that defendants ABI, Shadow Tracker, and Verifi are consumer reporting agencies [Doc. 35-1, ¶ 13].  Accordingly, to the extent plaintiff proposes to amend her complaint to include claims under the FCRA against Aerotek, the Court will deny leave to amend with respect to this claim.

### C. Plaintiff's New Claims and Allegations in the Proposed Third Amended Complaint

#### 1. Request to Add Verifi as a Defendant

The Court now turns to plaintiff's request to add Verifi as a defendant.  Because there has been no objection or argument presented to the Court in respect to adding Verifi as a defendant, the Court will grant plaintiff leave to amend in respect to this request.

#### 2. TCPA Claim

Plaintiff also proposes to add a claim for violations of the TCPA.  Aerotek contends in its response to the motion to file third amended complaint that plaintiff's TCPA claim is time-barred by the TCPA's twelve-month statute of limitations because "[p]laintiff admits to signing the release that forms the basis of that claim in November 2009- or some 15 months ago" [Doc. 39, p. 3 (citing Doc. 35-1, ¶ 22)].  Plaintiff disagrees, arguing that, under

11

the "discovery rule," the twelve-month limitations period did not begin until December 22, 2010, when Aerotek supplied plaintiff's counsel with a copy of the Release.

Section 47-18-110 of the TCPA provides that:

> Any action commenced pursuant to § 47-18-109 shall be brought within one (1) year from a person's discovery of the unlawful act or practice, but in no event shall an action under § 47-18-109 be brought more than five (5) years after the date of the consumer transaction giving rise to the claim for relief.

T.C.A. § 47-18-110. The Tennessee court of appeals has recognized that for a TCPA claim, the cause of action accrues when the action giving rise to the claim is discovered. *See Heatherly v. Merrimack Mut. Fire Ins. Co.*, 43 S.W.3d 911, 916 (Tenn. Ct. App. 2000); *Moore v. Wells Fargo Bank, N.A.*, No. 3:10-CV-94, 2011 WL 652844, at *2 (E.D. Tenn. Feb. 14, 2011). Tennessee's highest court first applied the discovery rule in *Teeters v. Currey*, 518 S.W.2d 512 (Tenn. 1974). *Fortune v. Unum Life Ins. Co. of America*, ___ S.W.3d ___, ___. No. W2009-01395-COA-R3-CV, 2010 WL 3984705, at *9 (Tenn. Ct. App. Oct. 12, 2010) (citing *Schmank v. Sonic Auto., Inc.*, No. E2007-01857-COA-R3-CV, 2008 WL 2078076, at *2 (Tenn. Ct. App. May 16, 2008)) (noting that in *Schmank*, the court of appeals "determined that a plaintiff's TCPA claim accrues at time of the 'discovery of the unlawful act or practice,' thereby making applicable the 'discovery rule'"). The Tennessee Supreme Court restated the discovery rule in *Pero's Steak & Spaghetti House v. Lee*:

> It is now well-established that, where applicable, the discovery rule is an equitable exception that tolls the running of the statute of limitations until the plaintiff knows, or in the exercise of reasonable care and diligence, should know that an injury has been sustained. The discovery rule does not, however, toll the statute of limitations until the

> plaintiff *actually* knows that he or she has a cause of action. The plaintiff is deemed to have discovered the right of action when the plaintiff becomes aware of facts sufficient to put a reasonable person on notice that he or she has suffered an injury as a result of the defendant's wrongful conduct.

90 S.W.3d 614, 621 (Tenn. 2002) (citations omitted).

Several Tennessee cases have considered the application of the discovery rule to statutes of limitations. One such case notes that it is true that "[w]hether the plaintiff exercised reasonable care and diligence in discovering the injury or wrong is usually a fact question for the jury to determine[.]" *Wyatt v. A-Best Co.*, 910 S.W.2d 851, 854 (Tenn. 1995) (applying the discovery rule to a claim for personal injury). However, where no reasonable trier of fact could conclude from the undisputed facts that "a plaintiff did not know, or in the exercise of reasonable care and diligence should not have known, that he or she was injured as a result of the defendant's wrongful conduct," a court may appropriately dismiss the complaint. *Schmank*, 2008 WL 2078076, at *3 (citing *Stanbury v. Bacardi*, 953 S.W.2d 671, 677-78 (Tenn. 1997)); *Roe v. Jefferson*, 875 S.W.2d 653, 658 (Tenn. 1994); *Brandt v. McCord*, No. M2007-00312-COA-R3-CV, 2008 WL 820533, at *4 (Tenn. Ct. App. Mar. 26, 2008)). Furthermore, "there is no requirement that the plaintiff actually know the specific type of legal claim he or she has, or that the injury constituted a breach of the appropriate legal standard." *John Kohl & Co. P.C. v. Dearborn & Ewing*, 977 S.W.2d 528, 533 (Tenn.1998) (citing *Shadrick v. Coker*, 963 S.W.2d 726, 733 (Tenn.1998)). In *Schmank*, the Tennessee court of appeals found that the plaintiff had failed to timely bring her action for a violation of the TCPA because "all of the facts sufficient to put a reasonable person on

13

notice that she had suffered injury resulting from the Defendants' allegedly wrongful conduct were known or readily available to [the plaintiff] at the time she entered into the agreement to purchase her vehicles." *Id.*, 2008 WL 2078076, at *3.

In this case, plaintiff contends that Aerotek's means of procuring the Release was "an unfair trade practice and/or unfair or deceptive act as otherwise defined" by the TCPA [Doc. 35-1, ¶ 23]. Plaintiff alleges that she was asked by Aerotek to sign the Release, but was not given an opportunity to read the Release and was not told that it authorized a release of liability [*Id.* ¶ 22]. Plaintiff also alleges that the Release was not disclosed to her or to her attorneys until December 21, 2010, that the Release constitutes a contract of adhesion that is both procedurally and substantively unconscionable," and that plaintiff was denied "an opportunity for meaningful choice inasmuch as she was not given an opportunity to read the [Release]." [*Id.*]

Taking all the facts alleged in the proposed third amended complaint as true, plaintiff was aware at the time she signed the Release that she was not given an opportunity to read it. Plaintiff was also aware from the time she signed the Release that she was not provided with a copy of it until it was disclosed to her attorneys. Considering that "the means of procuring the . . . release" is the factual basis upon which she relies to assert her TCPA claims [Doc. 35-1, ¶ 23], plaintiff discovered facts sufficient to put her on notice of the alleged injury at the time she signed the Release. Because plaintiff brings her TCPA claims for the first time in the proposed third amended complaint, filed in March 2011, and because she concedes that she signed the Release on November 12, 2009 [*Id.*, ¶ 22], the Court finds

14

these claims are brought beyond the twelve-month statute of limitations and plaintiff's TCPA claims are therefore time-barred. Accordingly, the Court will deny plaintiff leave to amend the complaint in respect to this claim.

    **D.**    **Other Claims and Allegations in the Proposed Third Amended Complaint**

Rule 15 plainly presents a liberal amendment policy. *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002). In setting forth the standard for amendments, the U.S. Supreme Court has found that "in the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182. Because Aerotek's arguments in opposition to plaintiff's motion for leave to file a third amended complaint do not address all the proposed amendments in the proposed third amended complaint, the Court will grant plaintiff leave to file her proposed third amended complaint, except as to the claims found in this Order to be futile or insufficient to survive a motion to dismiss.

    **E.**    **Motion for Continuance**

In this motion, plaintiff asserts that the motion to dismiss second amended complaint should be construed as a motion for summary judgment and that plaintiff should be permitted additional time to conduct discovery to respond to the motion, pursuant to Rule 56 of the Federal Rules of Civil Procedure 56(d). Rule 56(d) provides that if a nonmovant, by affidavit or declaration, gives specific reasons as to why it cannot present facts essential to justify its opposition to a motion for summary judgment, the court may defer considering the motion or deny it, allow time to conduct discovery, or issue any other appropriate order. Fed. R. Civ. P. 56(d).

Here, plaintiff has responded to the motion to dismiss second amended complaint by filing a motion for leave to file a third amended complaint, and the Court has granted, in part, plaintiff's request to amend. Accordingly, the Court finds that the relief requested in plaintiff's motion for continuance is both unnecessary and unwarranted and this motion will be denied.

## IV. Conclusion

Accordingly, and for the reasons given above, Aerotek's motion to dismiss second amended complaint [Doc. 25] is **GRANTED in part** and **DENIED in part**; plaintiff's motion for continuance [Doc. 30] is **DENIED**; plaintiff's motion to file third amended complaint [Doc. 33] is **DENIED as moot**; and plaintiff's revised motion to file third amended complaint [Doc. 35] is **GRANTED in part** and **DENIED in part**. Given this disposition, plaintiff is **GRANTED** leave to amend her second amended complaint and file an amended complaint consistent with this Order. However, plaintiff is **DENIED** leave to amend in respect to the following claims: plaintiff's claim against Aerotek for breach of the duties of good faith and fair dealing [Doc. 35-1, ¶ 21]; plaintiff's FCRA claim against Aerotek [*Id.*, ¶¶ 15, 18]; plaintiff's false light invasion of privacy claim against Aerotek [*Id.*, ¶¶ 9, 17]; and plaintiff's TCPA claims against Aerotek [*Id.*, ¶¶ 18, 22-23]. Leave to amend is **GRANTED** in respect to plaintiff's claim against Aerotek for tortious interference with a current or prospective employment relationship [*Id.*, ¶¶ 11-12], plaintiff's amendment adding Verifi as a defendant, and in respect to the other claims and allegations contained in

the proposed third amended complaint. Plaintiff is **DIRECTED**, within **fourteen (14) days** of the entry of this Order, to file an amended complaint consistent with what is stated herein.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
