UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

BRANDY NICOLE BREWER LAMBDIN, )
)
    Plaintiff, )
) No. 3:10-CV-280
) (VARLAN/GUYTON)
v. )
)
AEROTEK COMMERCIAL STAFFING, *et al.*, )
)
    Defendants. )

**REPORT AND RECOMMENDATION**

    This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the order of the District Judge [Doc. 47] referring Plaintiff's Motion to Remand [Doc. 45] to this Court for report and recommendation.

    In her motion, the Plaintiff moves the Court to remand this case to the Circuit Court of Tennessee, Sixth Judicial District at Knoxville. In support of this request, the Plaintiff notes that on September 2, 2011, she filed her Third Amended Complaint [Doc. 42], adding Verifi, LLC, ("Verifi"), as a defendant in this case. Verifi is a limited liability company registered with the Secretary of State for the State of Tennessee and transacting business in Tennessee with offices at 6804 Harrison Park Drive, Suite 106, Harrison, Tennessee. [Doc. 45 at ¶¶ 6-7]. The Plaintiff maintains that the addition of Verifi as a defendant in this matter destroyed the diversity of the parties and eliminated the Court's subject matter jurisdiction. [Doc. 45 at ¶¶ 7-8]. The Plaintiff contends that the Court now lacks subject matter jurisdiction over this case.

Defendants Aerotek, Inc., ("Aerotek"), and American Background Information Services, Inc., ("ABI"), have responded in opposition to the Plaintiff's Motion to Remand. [Doc. 49]. Aerotek and ABI do not concede that diversity jurisdiction has been destroyed. [Doc. 49 at 3, n. 1]. They, however, argue that the existence of diversity is inconsequential, because the Court retains federal question jurisdiction, regardless of whether the parties are diverse. Aerotek and ABI maintain that the Court has federal question jurisdiction based upon the Plaintiff's allegations that the Defendants violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

District courts have "federal question" jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Claims brought pursuant to the Fair Credit Reporting Act, a federal statute, confer federal question jurisdiction on the district court, without regard to the diversity of the parties. See Washington v. Direct Gen. Ins. Agency, Inc., 130 F. Supp. 2d 820, 824 (S.D. Miss. 2000); Abdrabboh v. Capital One Bank, 2006 WL 3004084, at *2 (E.D. Mich. Oct. 20, 2006).

In this case, the Plaintiff alleges that the Defendants "are consumer reporting agencies and that these Defendants, individually and/or collectively violated Section 1681e(b) of the Fair Credit Reporting Act." [Doc. 42 at ¶ 10; see also Doc. 42 at ¶¶ 11, 12, 16.] The Court finds that the Plaintiff's reliance on the Fair Credit Reporting Act confers federal question jurisdiction on this Court. The Court further finds that it has pendant jurisdiction over any related claims in this case arising under state law. See 28 U.S.C. § 1367(a).

Accordingly, the undersigned **RECOMMENDS**[1] that the Plaintiff's Motion for Remand **[Doc. 45]** be **DENIED**.

                    Respectfully Submitted,

                    s/ H. Bruce Guyton
                    United States Magistrate Judge

---

[1] **Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).**